# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VALEANT PHARMACEUTICALS INTERNATIONAL, ET AL., | : | |
| Plaintiffs, | : | |
| v. | : | C.A. No. 18-1288-LPS |
| ACTAVIS LABORATORIES FL, INC., ET AL., | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Having considered the parties' briefing and related materials, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion for leave to file a second amended complaint (D.I. 65) is **GRANTED**. Plaintiffs shall, no later than **February 25**, file an amended complaint substantially identical to what they have proposed.

2. Defendants' motion to dismiss (D.I. 39) is **DENIED**.

3. The parties shall meet and confer and, **no later than February 27**, submit a proposed schedule consistent in all material respects with the proposal of **Plaintiffs** (*see* D.I. 32-2), which shall incorporate the following dates and deadlines: (a) joint claim construction brief (containing the totality of all sides' arguments from briefs exchanged among parties but not filed with Court, organized term-by-term) due **June 17, 2019**; (b) claim construction hearing on **July 2, 2019 at 9:00 a.m.**; (c) briefing on dispositive and Daubert motions, if filed, completed by **January 27, 2020** (such motions will be argued at the pretrial conference, if necessary);

1

(d) proposed pretrial order due **January 27, 2020**; (e) pretrial conference to be held on **February 7, 2020 at 2:00 p.m**; and (f) bench trial (of 5-8 days) begins **February 24, 2020**.

4. The scheduling order to be submitted by the parties shall also reflect the following determinations (*see* D.I. 32-1): (a) Plaintiffs' proposal for Limitation on Hours for Deposition Discovery is **ADOPTED**, and the second sentence of Defendants' proposal is also **ADOPTED**; (b) the Location of Depositions provision shall incorporate the Court's standard language and also the following: "For all other witnesses, depositions will take place at a location convenient for the deponent. For deponents who do not reside in the United States, the party producing the witness for deposition will do so in accordance with applicable law without the party insisting on compulsory process;" and (c) Defendants' proposal for Expert Report Supplementation is **ADOPTED**.

5. The remaining pending motion (D.I. 44) is **DENIED AS MOOT**.

The Court agrees with Plaintiffs that the most efficient, just, and reasonable manner of proceeding is to include, in this single case, all of the related patents. (*See* D.I. 69 at 2 ("[J]udicial economy and efficiency dictate [or at least strongly support] that all of Plaintiffs' patent claims should be addressed in the same action rather than piecemeal in separate cases."); *see also* D.I. 32 at 2 ("There is nothing in the Hatch-Waxman framework that limits the right of an innovator company to assert only those patents it obtains prior to the generic company's launch of its generic product.")) The Court further agrees with Plaintiffs that nothing about this Court's decision in *Cosmo Technologies Limited v. Actavis Laboratories FL, Inc.*, C.A. No. 15-164-LPS ("*Uceris I*"), nor the Federal Circuit's affirmance of it (*see* D.I. 70 Ex. 1), necessarily renders Plaintiffs' proposed complaint futile. Defendants have failed to persuade the Court that

Plaintiffs have failed to state a claim on which relief may be granted or that Plaintiffs' claims are barred by collateral or judicial estoppel. To the contrary, Plaintiffs may persuade the Court to adopt one or more of their proposed constructions for disputed claim terms and may also persuade the Court that the scope of the patent claims being asserted here is materially different than the scope of the claims at issue in *Uceris I*. The accused products may also differ from those the Court examined in *Uceris I*. If Defendants ultimately prevail and prove that this case involves little more than "Plaintiffs' serial assertion of borderline frivolous related [to *Uceris I*] claims" (D.I. 32 at 5 n.2), then they will likely be able to persuade the Court to deem this case exceptional within the meaning of 35 U.S.C. § 285.

February 21, 2019
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT