IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VALEANT PHARMACEUTICALS INTERNATIONAL, SALIX PHARMACEUTICALS LTD., and COSMO TECHNOLOGIES LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>ACTAVIS LABORATORIES FL., INC., ACTAVIS PHARMA, INC., TEVA PHARMACEUTICALS USA, INC. and TEVA PHARMACEUTICAL INDUSTRIES LIMITED,<br><br>Defendants. | C.A. No. 1:18-1288 (LPS) |

## STIPULATED ORDER AND FINAL JUDGMENT

WHEREAS, Plaintiffs Bausch Health Americas, Inc. (formerly known as Valeant Pharmaceuticals International), Salix Pharmaceuticals Ltd., and Cosmo Technologies Limited (collectively, "Plaintiffs") filed a Second Amended Complaint (D.I. 77) asserting that Defendants Actavis Laboratories FL., Inc., Actavis Pharma, Inc., Teva Pharmaceuticals USA, Inc., and Teva Pharmaceutical Industries Ltd. (collectively, "Defendants") infringed and continue to infringe U.S. Patent Nos. 10,052,286, 10,064,878, 10,105,374, 10,143,698, 10,154,964, and 10,172,799 (collectively, the "Patents-in-Suit") by filing Actavis Laboratories FL., Inc.'s ANDA No. 205457 for budesonide extended release tablets, 9 mg, and by making, using, selling, offering to sell within the United States and/or importing into the United States the product that Defendants manufacture and market pursuant to ANDA No. 205457 (the "Accused Product");

WHEREAS, Defendants pled counterclaims for declaratory judgment of noninfringement of the Patents-in-Suit in Counts I, III, V, VII, IX, and XI of Defendants' Answer to Second Amended Complaint, Affirmative Defenses, and Counterclaims (D.I. 79);

WHEREAS, Defendants pled counterclaims for declaratory judgment of invalidity of the Patents-in-Suit in Counts II, IV, VI, VIII, X, and XII of Defendants' Answer to Second Amended Complaint, Affirmative Defenses, and Counterclaims (D.I. 79);

WHEREAS, the Parties disputed the construction of the terms "matrix," "mixture," and "compressed blend" (the "Tablet Core Terms") as used in the asserted claims in the Patents-in-Suit;

WHEREAS, Plaintiffs stipulated and agreed that if the Court were to adopt Defendants' proposed constructions for the Tablet Core Terms, the Accused Product would not infringe the asserted claims of the Patents-in-Suit (D.I. 154, Stipulation and Proposed Order to Stay Discovery, so ordered on July 26, 2019), subject to Plaintiffs' reservations of rights to appeal the Court's adoption of the Defendants' claim constructions;

WHEREAS, the Court adopted Defendants' proposed constructions for all of the Tablet Core Terms in its August 2, 2019 Memorandum Opinion and Order regarding claim construction (D.I. 155, 156) by construing the term "matrix" to mean "a homogeneous structure in all its volume," construing the term "mixture" to mean "a homogenous composition of two or more substances," and construing the term "compressed blend" to mean "a compressed matrix (or homogeneous structure in all its volume)";

NOW THEREFORE, the parties hereby stipulate and agree, subject to approval of the Court, as follows:

IT IS ORDERED AND ADJUDGED that final judgment of noninfringement is hereby entered in favor of Defendants and against Plaintiffs on Counts I, II, III, IV, V, and VI of the Second Amended Complaint (D.I. 77) and on Counts I, III, V, VII, IX, and XI of Defendants' Answer to Second Amended Complaint, Affirmative Defenses, and Counterclaims (D.I. 79); and

IT IS FURTHER ORDERED AND ADJUDGED THAT:

1. Defendants have not infringed and will not infringe the Patents-in-Suit by making, using, selling, offering to sell within the United States and/or importing into the United States the Accused Product;

2. Defendants have not infringed the Patents-in-Suit by submitting or causing to be submitted ANDA No. 205457;

3. Defendants have not contributed and will not contribute to the infringement of the Patents-in-Suit, and have not induced and will not induce others to infringe the Patents-in-Suit based on their actions related to the Accused Product or ANDA No. 205457;

4. Defendants are the prevailing parties as to Plaintiffs' claims of infringement of the Patents-in-Suit and as to Defendants' counterclaims for declaratory judgment of noninfringement of the Patents-in-Suit;

5. Defendants' counterclaims for declaratory judgment of invalidity of the Patents-in-Suit in Counts II, IV, VI, VIII, X, and XII of Defendants' Answer to Second Amended Complaint, Affirmative Defenses, and Counterclaims (D.I. 79) are dismissed without prejudice;

6. if this case is remanded from the United States Court of Appeals for the Federal Circuit ("Federal Circuit"), the parties may present any arguments (not already otherwise waived) available to them and do not now waive any rights available to them, including that the parties may supplement their respective infringement and invalidity contentions if the Federal

Circuit modifies any construction of the Tablet Core Terms set forth in this Court's August 2, 2019 Memorandum Opinion and Order regarding claim construction (D.I. 155, 156); and

7. any motion for attorneys' fees and related expenses pursuant to 35 U.S.C. § 285, Federal Rule of Civil Procedure 54(d)(2) and D. Del. LR 54.3 in the case is due:

   a. 60 days after the deadline for Plaintiffs to appeal this judgment, if said deadline passes without Plaintiffs filing a notice of appeal,

   b. 60 days after the Federal Circuit enters its mandate, if the Court's decision is affirmed on appeal, or

   c. at a date to be determined, if this matter is remanded to the Court for further proceedings.

This provision is not intended to enlarge the amount of fees or costs that a party may seek beyond those that the party may have sought had the deadline been set for within 14 days of the entry of judgment. The parties likewise waive no claims or defenses by virtue of adopting the herein proposed schedule for the submission of motions for fees.

IT IS SO STIPULATED.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A. |
|---|---|
| /s/ Jack B. Blumenfeld | /s/ John C. Phillips, Jr. |
| Jack B. Blumenfeld (#1014) | John C. Phillips, Jr. (#110) |
| Michael Flynn (#5333) | David A. Bilson (#4986) |
| 1201 North Market Street | 1200 North Broom Street |
| P.O. Box 1347 | Wilmington, DE 19806 |
| Wilmington, DE 19801 | (302) 655-4200 |
| (302) 558-9200 | jcp@pgmhlaw.com |
| jblumenfeld@mnat.com | dab@pgmhlaw.com |
| mflynn@mnat.com | *Attorneys for Defendants* |
| *Attorneys for Plaintiffs* | |

Dated: October 24, 2019

SO ORDERED this \_\_\_\_\_ day of October 2019.

_____
The Honorable Leonard P. Stark
Chief Judge, U.S. District Court for the District of Delaware